**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**EULALIO DIAZ-CORTES,**<br><br>　*Defendant.* | **CRIMINAL ACTION NO.**<br>**3:26-cr-00009-TES-CHW-1** |

**ORDER GRANTING MOTION TO CONTINUE TRIAL
IN THE INTEREST OF JUSTICE**

On June 5, 2026, the Court issued a Notice of Pretrial Conference setting a

pretrial conference in the above-captioned case for July 8, 2026. [Doc. 16, p. 1]. With

that, trial is currently set to begin on August 24, 2026. Before the Court is an unopposed

motion to continue filed by Defendant Eulalio Diaz-Cortes. [Doc. 18]. For the reasons

discussed below, the Court finds that this case should be continued pursuant to 18

U.S.C. § 3161(h), and it **GRANTS** the defendant's motion such that the pretrial

conference and trial dates are continued to September 2, 2026, and October 26, 2026,

respectively.

On May 13, 2026, the Grand Jury returned a two-count indictment against

Defendant Diaz-Cortes, and at his initial appearance, the United States Magistrate

Judge ordered that Defendant Diaz-Cortes be detained pending trial. [Doc. 1]; [Doc. 9];

[Doc. 13]. Specifically, Defendant Diaz-Cortes is charged with one count Possession of a

Firearm by an Illegal Alien in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8) and one count of Illegal Reentry in violation of 8 U.S.C. § 1326(a) [Doc. 1, pp. 1–2].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Based on defense counsel's representations to the Court that he received the government's discovery on June 8, 2026, the Court finds that the ends of justice served by granting a continuance outweigh the public's best interests and those of Defendant Diaz-Cortes in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); [Doc. 18, p. 3]. Despite being unwilling to move for a continuance based on the fact that Defendant Diaz-Cortes'

counsel had not received discovery until June 8, 2026, the government advised his counsel that it has no objection to a continuance. [Doc. 18, pp. 3–4].

Since, for the reasons stated above, failure to grant a continuance would likely result in a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i), it is **ORDERED** that Defendant Diaz-Cortes' motion to continuance is **GRANTED,** and trial of this case is **CONTINUED** to *October 26, 2026*, in Athens, Georgia. The pretrial conference date for trials beginning on that date is September 2, 2026. The delay occasioned by this continuance shall be deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 9th day of June, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**